## M. PRENDEZ *v.* THE STATE.

VENUE. — Indictment for theft laid the venue of the offence in the unorganized county of E., which was attached for judicial purposes to W. County, where the indictment was found. The proof showed that the offence was committed in another unorganized county, which was attached to the county of M. *Held*, that the venue was not proved as alleged, and the conviction is set aside. *Quære*, in case both of the unorganized counties had been attached to W. County for judicial purposes.

APPEAL from the District Court of Webb. Tried below before the Hon. J. C. RUSSELL.

The opinion states the case.

*A. L. McLane*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. Appellant was indicted in the District Court of Webb County for the theft of a cow, the property of one Margarito Sanchez, the venue of the offence being laid in Encinal County. The proof established beyond doubt that the crime was committed in La Salle and not in Encinal County, nor within four hundred yards of the county line. Neither of the two counties last named are organized, but the former (Encinal) is attached to Webb County for judicial purposes, whilst the latter (La Salle) is attached to McMullen for judicial purposes. Acts 16th Leg., pp. 22, 23, chaps. 24, 25.

It is clear that the venue of the offence is not proven as alleged. Whether the evidence would have been sufficient if La Salle County had also been attached to Webb for judicial purposes, it is unnecessary to decide.

Because the proof of venue does not sustain the allegation in the indictment, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*